UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

BAHAALDAN ABAKER ADAM ALI PETITIONER

VERSUS CIVIL ACTION NO. 5:26-CV-198-DCB-RPM

RAFAEL VERGARA RESPONDENT

**REPORT AND RECOMMENDATIONS**

Before the Court is Petitioner Bahaaldan Abaker Adam Ali's [1] Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his detention pending removal. At the time the petition was filed on March 18, 2026, Petitioner was an immigration detainee housed at the Adams County Correctional Center in Natchez, Mississippi. According to the pleadings, he is a native and citizen of Sudan who arrived in the United States without inspection on or about December 23, 2024. [2] at 3; [7] at 1; [7-2] at 1. On July 9, 2025, an Immigration Judge ordered Petitioner to be removed from the United States to Sudan or, in the alternative, to Mexico; the removal order became final as both parties waived appeal. [1-2] at 2–5.

On May 19, 2026, Respondent filed a response to the petition, noting that emergency travel documents for Petitioner were received and that Petitioner's removal was likely in the foreseeable future. [7] at 2. On July 22, 2026, this Court entered an Order requiring a status update as it appeared Petitioner was no longer at the Adams County Correctional Center or in the United States Immigration and Customs Enforcement's ("ICE") custody.[1] In response to that Order, Respondent represented that Petitioner was removed from the United States on June 14, 2026, and that the

[1] The Court's search involved inputting Petitioner's "A-Number" and "Country of Birth."

instant petition is now moot. [11].

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.* (citations omitted). The "[m]ootness doctrine requires that, to show a case or controversy under Article III of the Constitution, 'through all stages of federal judicial proceedings, trial and appellate[,] . . . parties must continue to have a personal stake in the outcome of the lawsuit.'" *Bacilio-Sabastian v. Barr*, 980 F.3d 480, 482 (5th Cir. 2020) (finding former immigration detainee's petition moot) (quoting *Lewis,* 494 U.S. at 477–48).

Petitioner sought release from ICE custody; and his petition is now moot because he has been released from ICE custody. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 106 (2020) (describing habeas in the immigration context as traditionally providing "a means to seek *release* from unlawful detention"). Accordingly, the instant petition no longer presents a live case or controversy for purposes of satisfying Article III and should be dismissed without prejudice as moot.

## RECOMMENDATION

The undersigned recommends that Petitioner Bahaaldan Abaker Adam Ali's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus be DISMISSED without prejudice as moot.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those

findings, conclusions, and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the District Court and for which there is no written objection. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

SO ORDERED, this the 3rd day of August 2026.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE